EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>José A. Alicea Rivera | 2006 TSPR 185<br><br>169 DPR _____ |

Número del Caso: TS-9645

Fecha: 14 de noviembre de 2006

Abogado de la Parte Peticionaria:

Por Derecho Propio

Colegio de Abogados de Puerto Rico:

Lcdo. José M. Montalvo Trías
Director Ejecutivo

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José A. Alicea Rivera                    TS-9645


PER CURIAM


San Juan, Puerto Rico, a 14 de noviembre de 2006.


José A. Alicea Rivera fue admitido al ejercicio de la abogacía el 15 de enero de 1991; y al de la notaría el 2 de julio de 2002, a la cual renunció voluntariamente efectivo el 10 de agosto de 2005.

El 30 de junio de 2006 compareció ante nos el Colegio de Abogados de Puerto Rico y nos informó que a pesar de habérsele hecho varios requerimientos para el pago, Alicea Rivera adeudaba $225 por concepto de cuotas vencidas y no satisfechas. **Solicitó que le impusiéramos las sanciones correspondientes en vista de la conducta temeraria de Alicea Rivera.**

Conforme al procedimiento de rigor, el 11 de agosto de 2006 le concedimos un término a Alicea Rivera para mostrar causa por la cual no debía ser

suspendido del ejercicio de la abogacía por la falta de pago de la cuota anual debida al Colegio de Abogados.

**Le apercibimos en la Resolución correspondiente que el incumplimiento con los términos de dicha Resolución conllevaría la suspensión automática del ejercicio de la abogacía.**

El 24 de agosto de 2006 Alicea Rivera compareció ante nos y nos informó que había pagado $147 de lo adeudado al Colegio de Abogados pero que había deducido $78 del total, por concepto de pago de prima de seguros, debido a que no le interesaba participar en los seguros negociados por el Colegio. Nos indicó que se había demorado en pagarle al Colegio por la insatisfacción de que éste hubiese servido de sede **"para una actividad funeraria relacionada con un prófugo de la justicia vinculado al terrorismo . . ."**

El 25 de septiembre del 2006 compareció el Colegio de Abogados y nos informó que Alicea Rivera no había satisfecho en su totalidad la deuda que tenía pendiente con el Colegio de Abogados. Se reafirmó en lo solicitado en su anterior escrito a nos sobre este asunto, del 30 de junio de 2006.

Alicea Rivera fue notificado de los escritos del Colegio de Abogados referidos antes. Transcurridos más de seis semanas desde la última comunicación del Colegio de Abogados sin que Alicea Rivera haya comparecido ante nos o ante el Colegio de Abogados, pasamos a resolver, conforme a lo intimado en nuestra Resolución del 11 de agosto de 2006.

II

Ya antes hemos reconocido la obligación que tiene todo miembro de la profesión jurídica de satisfacer las cuotas legítimas del Colegio de Abogados de Puerto Rico. Véase, Colegio de Abogados v. Schneider II, 117 D.P.R. 504 (1986); Colegio de Abogados v. Schneider I, 112 D.P.R. 540 (1982). Así mismo hemos reconocido que el Colegio de Abogados está debidamente facultado a asignar una parte del dinero obtenido mediante el cobro de cuotas a la adquisición de un seguro de vida compulsorio. Romero, hijo v. Colegio de Abogados, et al., 154 D.P.R. 370 (2001). En efecto, el establecimiento de sistemas de seguro, así como la creación de montepíos y otros fondos especiales para socorrer a sus miembros (o a sus herederos), es una de las funciones y propósitos enteramente válidos que le hemos reconocido al Colegio de Abogados, y que no forman parte de las llamadas "actividades objetables" a cuya subvención un colegiado pueda oponerse. Colegio de Abogados v. Schneider II, supra, pág. 523.

El seguro de vida que el Colegio de Abogados provee a sus miembros es un beneficio legítimo, que en modo alguno se relaciona con las llamadas "actividades ideológicas", y que constituye también un medio significativo para promover la adhesión a una institución que, según hemos reconocido antes, "juega un papel importante en el desarrollo vital del país". Id. pág. 514.

III

Alicea Rivera ha desatendido los múltiples requerimientos del Colegio de Abogados para cumplir con su obligación de pagar debidamente la cuota anual de esa institución. Ha hecho caso omiso, además, a la intimación de este Tribunal de que debía cumplir a cabalidad con la obligación referida. Es evidente que no tiene gran interés en continuar siendo miembro de la profesión.

Por todo lo anterior, su suspende indefinidamente a José A. Alicea Rivera del ejercicio de la abogacía.

Se le impone a José A. Alicea Rivera el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país, si tiene algún asunto pendiente en éstos.

Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión Per Curiam y Sentencia.

Se dictará una sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re:


José A. Alicea Rivera                    TS-9645




                        PER CURIAM



San Juan, Puerto Rico, a 14 de noviembre de
2006.


        Por los fundamentos expuestos en la Opinión
Per Curiam que antecede, la cual se hace formar
parte de la presente Sentencia, se le suspende
inmediata e indefinidamente del ejercicio de la
abogacía.

        Se le impone a José A. Alicea Rivera el deber
de notificar a todos sus clientes de su
inhabilidad para seguir representándolos,
devolverles cualesquiera honorarios recibidos por
trabajos no realizados e informar oportunamente
de su suspensión a los distintos foros judiciales
y administrativos del país, si tiene algún asunto
pendiente en éstos.

        Además, deberá acreditar a este Tribunal el
cumplimiento con lo anterior dentro del término
de treinta días a partir de la notificación de
esta Opinión Per Curiam y Sentencia.

        Lo pronunció, manda el Tribunal y certifica
la Secretaria del Tribunal Supremo. El Juez
Asociado señor Rebollo López no intervino.



                        Aida Ileana Oquendo Graulau
                        Secretaria del Tribunal Supremo